MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SERGIO MEDINA DIAZ, *individually and on*
*behalf of others similarly situated,*

Plaintiff,

-against-

GUACAMOLE      CORP.      (D/B/A
GUACAMOLE TAQUERIA), GUACAMOLE
MIDTOWN CORP. (D/B/A GUACAMOLE
TAQUERIA),      VICTOR      HERNANDEZ
PEREZ, INGRID RODRIGUEZ, MIGUEL
HERNANDEZ,        and        CLAUDIO
HERNANDEZ,

Defendants.

-------------------------------------------------------X

COMPLAINT

COLLECTIVE ACTION UNDER<br>29 U.S.C. § 216(b)

ECF Case

     Plaintiff Sergio Medina Diaz ("Plaintiff Medina" or "Mr. Medina"), individually and on

behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against Guacamole Corp. (d/b/a Guacamole Taqueria),

Guacamole Midtown Corp. (d/b/a Guacamole Taqueria) ("Defendant Corporations"), Victor

Hernandez Perez, Ingrid Rodriguez, Miguel Hernandez, and Claudio Hernandez, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Medina is a former employee of Defendants Guacamole Corp. (d/b/a Guacamole Taqueria), Guacamole Midtown Corp. (d/b/a Guacamole Taqueria), Victor Hernandez Perez, Ingrid Rodriguez, Miguel Hernandez, and Claudio Hernandez.

2.       Defendants own, operate, or control a Mexican restaurant, located at 5025 Broadway New York, New York 10034 under the name "Guacamole Taqueria".

3.      Upon information and belief, individual Defendants Victor Hernandez Perez, Ingrid Rodriguez, Miguel Hernandez, and Claudio Hernandez, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Medina was employed as a bartender and a waiter at the restaurant located at 5025 Broadway New York, New York 10034.

5.      Plaintiff Medina was ostensibly employed as a bartender and a waiter. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to making drinks, taking out the trash, cleaning the bar and eating area, cutting fruit and vegetables and stocking the bar and the second floor with merchandise that comes into the store (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Medina worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Medina appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Medina the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants repeatedly failed to pay Plaintiff Medina wages on a timely basis.

10.     Defendants employed and accounted for Plaintiff Medina as a bartender and a waiter in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Medina's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Medina's actual duties in payroll records by designating him as a bartender and a waiter instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Medina at the minimum wage rate and enabled them to pay him above the tip-credit rate, but below the minimum wage.

13.     Defendants' conduct extended beyond Plaintiff Medina to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Medina and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Medina now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.   Plaintiff Medina seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.   This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Medina's state law claims under 28 U.S.C. § 1367(a).

18.   Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Mexican restaurant located in this district. Further, Plaintiff Medina was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.   Plaintiff Sergio Medina Diaz ("Plaintiff Medina" or "Mr. Medina") is an adult individual residing in Bronx County, New York.

20.   Plaintiff Medina was employed by Defendants at Guacamole Taqueria from approximately November 2016 until on or about July 8, 2018.

21.    Plaintiff Medina consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.    At all relevant times, Defendants owned, operated, or controlled a Mexican restaurant, located at 5025 Broadway New York, New York 10034 under the name "Guacamole Taqueria".

23.    Upon information and belief, Guacamole Corp. (d/b/a Guacamole Taqueria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5025 Broadway New York, New York 10034.

24.    Upon information and belief, Guacamole Midtown Corp. (d/b/a Guacamole Taqueria) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 5025 Broadway New York, New York 10034.

25.    Defendant Victor Hernandez Perez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Victor Hernandez Perez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Victor Hernandez Perez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Medina, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.   Defendant Ingrid Rodriguez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ingrid Rodriguez is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Ingrid Rodriguez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiff Medina, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.   Defendant Miguel Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Miguel Hernandez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Miguel Hernandez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Medina, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.   Defendant Claudio Hernandez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Claudio Hernandez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Claudio Hernandez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants,

including Plaintiff Medina, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.   Defendants operate a Mexican restaurant located in the Inwood section of Manhattan in New York City.

30.   Individual Defendants, Victor Hernandez Perez, Ingrid Rodriguez, Miguel Hernandez, and Claudio Hernandez, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31.   Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.   Each Defendant possessed substantial control over Plaintiff Medina's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Medina, and all similarly situated individuals, referred to herein.

33.   Defendants jointly employed Plaintiff Medina (and all similarly situated employees) and are Plaintiff Medina's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.   In the alternative, Defendants constitute a single employer of Plaintiff Medina and/or similarly situated individuals.

35.   Upon information and belief, Individual Defendants Victor Hernandez Perez, Ingrid Rodriguez, Miguel Hernandez, and Claudio Hernandez operate Defendant Corporations as either

alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations',

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

36.   At all relevant times, Defendants were Plaintiff Medina's employers within the meaning of the FLSA and New York Labor Law.

37.   Defendants had the power to hire and fire Plaintiff Medina, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Medina's services.

38.    In each year from 2016 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

40.    Plaintiff Medina is a former employee of Defendants who ostensibly was employed as a bartender and a waiter. However, he spent over 20% of each shift performing the non-tipped duties described above.

41.    Plaintiff Medina seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Sergio Medina Diaz*

42.    Plaintiff Medina was employed by Defendants from approximately November 2016 until on or about July 8, 2018.

43.    Defendants ostensibly employed Plaintiff Medina as a bartender and a waiter.

44.    However, Plaintiff Medina was also required to spend a significant portion of his work day performing the non-tipped duties described above.

45.    Although Plaintiff Medina ostensibly was employed as a bartender and a waiter, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

46.    Plaintiff Medina regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

47.   Plaintiff Medina's work duties required neither discretion nor independent judgment.

48.   Throughout his employment with Defendants, Plaintiff Medina regularly worked in excess of 40 hours per week.

49.   From approximately November 1, 2016 until on or about November 30, 2016, Plaintiff Medina worked in a range of 35 to 40 hours per week.

50.   From approximately December 2016 until on or about July 8, 2018, Plaintiff Medina worked from approximately 11:00 a.m. until on or about 12:00 a.m., Tuesdays through Thursdays, from approximately 11:00 a.m. until on or about 1:00 a.m., Fridays, and from approximately 11:00 a.m. until on or about 12:00 a.m., Saturdays and Sundays (typically 79 hours per week).

51.   Throughout his employment, Defendants paid Plaintiff Medina his wages by check.

52.   From approximately November 1, 2016 until on or about November 30, 2016, Defendants paid Plaintiff Medina $9.00 per hour.

53.   From approximately December 2016 until on or about July 8, 2018, Plaintiff Medina's pay fluctuated between $9.00 to $13.00 per hour depending on the number of hours he actually worked.

54.   Throughout various pay periods of his employment, Defendants did not pay Plaintiff Medina any wages for his work.

55.   Specifically, approximately ten checks that total up to about $5,900 were never given to Plaintiff Medina for his hours worked.

56.   Plaintiff Medina's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

57.   For example, Defendants required Plaintiff Medina to work an additional one hour past his scheduled departure time every day, and did not pay him for the additional time he worked.

58.    Defendants never granted Plaintiff Medina any breaks or meal periods of any kind.

59.    Plaintiff Medina was never notified by Defendants that his tips were being included as an offset for wages.

60.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Medina's wages.

61.    Plaintiff Medina was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

62.    On a number of occasions, Defendants required Plaintiff Medina to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

63.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Medina regarding overtime and wages under the FLSA and NYLL.

64.    Defendants did not provide Plaintiff Medina an accurate statement of wages, as required by NYLL 195(3).

65.    In fact, Defendants adjusted Plaintiff Medina's paystubs so that they reflected inaccurate wages and hours worked.

66.    Defendants did not give any notice to Plaintiff Medina, in English and in Spanish (Plaintiff Medina's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

67.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Medina (and all similarly situated employees) to work in excess of 40 hours

a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

68.     Plaintiff Medina was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

69.     Defendants' pay practices resulted in Plaintiff Medina not receiving payment for all his hours worked, and resulted in Plaintiff Medina's effective rate of pay falling below the required minimum wage rate.

70.     Defendants habitually required Plaintiff Medina to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

71.     Defendants required Plaintiff Medina and all other bartenders and waiters to perform general non-tipped tasks in addition to their primary duties as bartenders and waiters.

72.      Plaintiff Medina and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

73.     Plaintiff Medina's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

74.      Plaintiff Medina and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

75.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Medina's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

76.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.     In violation of federal and state law as codified above, Defendants classified Plaintiff Medina and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

78.     Defendants failed to inform Plaintiff Medina who received tips that Defendants intended to take a deduction against Plaintiff Medina's earned wages for tip income, as required by the NYLL before any deduction may be taken.

79.     Defendants failed to inform Plaintiff Medina who received tips, that his tips were being credited towards the payment of the minimum wage.

80.     Defendants failed to maintain a record of tips earned by Plaintiff Medina who worked as a bartender and a waiter for the tips he received.

81.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Medina worked.

82.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

83.     On a number of occasions, Defendants required Plaintiff Medina to sign a document the contents of which he was not allowed to review in detail.

84.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Medina (and similarly situated individuals) worked, and to avoid paying Plaintiff Medina properly for his full hours worked.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Medina and other similarly situated former workers.

88.     Defendants failed to provide Plaintiff  Medina and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiff Medina and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as

part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.     Plaintiff Medina brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

91.     At all relevant times, Plaintiff Medina and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

92.     The claims of Plaintiff Medina stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

93.     Plaintiff Medina repeats and realleges all paragraphs above as though fully set forth herein.

94.     At all times relevant to this action, Defendants were Plaintiff Medina's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Medina (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

95.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.     Defendants failed to pay Plaintiff Medina (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.     Defendants' failure to pay Plaintiff Medina (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Medina (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

100.    Plaintiff Medina repeats and realleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Medina (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.    Defendants' failure to pay Plaintiff Medina (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Medina (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

104.    Plaintiff Medina repeats and realleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Medina's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Medina, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

106.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Medina less than the minimum wage.

107.    Defendants' failure to pay Plaintiff Medina the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Medina was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

109.    Plaintiff Medina repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Medina overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

111.    Defendants' failure to pay Plaintiff Medina overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Medina was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

113.    Plaintiff Medina repeats and realleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to pay Plaintiff Medina one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Medina's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

115.    Defendants' failure to pay Plaintiff Medina an additional hour's pay for each day Plaintiff Medina's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

116.    Plaintiff Medina was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

117.    Plaintiff Medina repeats and realleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiff Medina with a written notice, in English and in Spanish (Plaintiff Medina's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

119.    Defendants are liable to Plaintiff Medina in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

120.    Plaintiff Medina repeats and realleges all paragraphs above as though fully set forth herein.

121.    With each payment of wages, Defendants failed to provide Plaintiff Medina with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the

number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

122.    Defendants are liable to Plaintiff Medina in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

123.    Plaintiff Medina repeats and realleges all paragraphs above as though set forth fully herein.

124.    Defendants did not pay Plaintiff Medina on a regular weekly basis, in violation of NYLL §191.

125.    Defendants are liable to Plaintiff Medina in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Medina respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Medina and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Medina and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Medina's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Medina and the FLSA Class members;

(f)     Awarding Plaintiff Medina and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Medina and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Medina;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Medina;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Medina;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Medina;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiff Medina's compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Medina;

(n)     Awarding Plaintiff Medina damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiff Medina damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Medina liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiff Medina and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiff Medina and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Medina demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        December 28, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/ Michael Faillace_____
    Michael Faillace [MF-8436]
    60 East 42nd Street, Suite 4510
    New York, New York 10165
    Telephone: (212) 317-1200
    Facsimile: (212) 317-1620
    *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                           Telephone: (212) 317-1200
New York, New York 10165                                                          Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

December 20, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la
demanda como uno de los demandantes.)**

Name / Nombre:                        **Sergio Medina Diaz**

                                                     Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

                                                     20 de diciembre de 2018

Date / Fecha: